JUSTICE MCKINNON,
specially concurring.
¶14 For the reasons previously set forth in my special concurrence in State v. Northcutt, 2015 MT 267, 381 Mont. 81, 358 P.3d 179, 1 cannot agree that a claim alleging a right to be present should be evaluated pursuant to whether it occurred during a “critical stage” of the trial. This Court borrowed the concept of “critical stage” of the proceeding from precedent of the United States Supreme Court construing the Sixth Amendment and a criminal defendant’s right to counsel. See Powell v. Alabma, 287 U.S. 45, 53 S. Ct. 55, 77 L. Ed. 158 (1932). “Critical stage” of the proceeding, as compared to the trial itself, was the term utilized to extend the right to counsel from trial to proceedings outside the trial—such as an arraignment or a pre-trial identification. It is an inapt distinction to make to events occurring within the trial itself and for which Defendant clearly has a right to counsel. Indeed, it would be an implausible argument to suggest that any part of the trial was less critical such that no right to counsel attached. Applying this incorrect analysis to a right to presence claim first appeared in our jurisprudence in State v. Matt, 2008 MT 444, 347 Mont. 530, 199 P.3d 244, and we have perpetuated the error in Charlie and Price and other subsequent cases. As a result, we have been required to unreasonably conclude that an ex parte conversation between a judge and jury about what the jury would like for dinner constitutes a critical stage of the proceeding. Northcutt, ¶ 17.
¶15 I would evaluate Blake’s presence claim to determine whether “his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.” Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S. Ct. 330, 332, 78 L. Ed. 674 (1934); State v. Schenk, 151 Mont. 493, 499, 444 P.2d 861, 864 (1968). As I believe Blake’s absence from the emergency conference did not have a substantial relationship to his opportunity to defend against the charge, I would affirm the District Court pursuant to this inquiry only.